# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

Bridget Trice, as trustee for the heirs
and next of kin of Devyn Bolton, deceased,

    Plaintiff,

v.

Napoli Shkolnik PLLC, Hunter J.
Shkolnik, and Paul Napoli Law PLLC,

    Defendants.

**MEMORANDUM OPINION
AND ORDER**
Civil No. 18-3367 ADM/KMM

___

Denise S. Rahne, Esq., and Ena M. Kovacevic, Esq., Robins Kaplan LLP, Minneapolis, MN, on behalf of Plaintiff.

Robert W. Vaccaro, Esq., and M. Gregory Simpson, Esq., Meagher & Geer, P.L.L.P., Minneapolis, MN, on behalf of Defendants Napoli Shkolnik PLLC and Paul Napoli Law PLLC.

___

## I. INTRODUCTION

On June 4, 2019, the undersigned United States District Judge heard oral argument on Napoli Shkolnik PLLC ("NS") and Paul Napoli Law PLLC's ("PNL") Rule 12 Motion to Dismiss [Docket No. 23], and Plaintiff Bridget Trice's ("Trice") Motion for Leave to Amend the Complaint [Docket No. 53]. For the reasons set forth below, NS and PNL's Motion is denied and Trice's Motion is granted.

## II. BACKGROUND

### A. Parties

Trice is the trustee for the heirs and next of kin of her daughter Devyn Bolton ("Bolton"). First Am. Compl. [Docket No. 18] ¶ 3. In 2006, Bolton was a passenger in a car stopped at an intersection in St. Paul, Minnesota when a Toyota Camry slammed into the car. Id. ¶ 12. Bolton

died in 2007 from injuries she sustained in the crash.  Id.

NS is a New York City law firm formed in 2015.  First M. Napoli Decl. [Docket No. 31] ¶ 2.  Hunter J. Shkolnik ("Shkolnik") is a partner with NS.  First Am. Compl. ¶ 6.[1]  PNL is a law firm formed in 2014 and is also located in New York City.  P. Napoli Decl. [Docket No. 32] ¶ 2.  None of NS or PNL's partners reside in Minnesota or hold a Minnesota law license.  First M. Napoli Decl. ¶¶ 3–4; P. Napoli Decl. ¶¶ 3–4.  Neither firm maintains any offices, bank accounts, or real property in Minnesota or has any agents for service of process in Minnesota.  First M. Napoli Decl. ¶¶ 5–6; P. Napoli Decl. ¶¶ 5–6.

**B. Toyota Litigation**

In 2010, Trice sued Toyota Motor Corporation ("Toyota") in Minnesota state court, alleging a design defect in the Toyota Camry caused the 2006 accident.  First Am. Compl. ¶ 12; see also Trice v. Toyota Motor Corp., Civ. No. 10-2804 ("Toyota Litigation").  The case was removed to the United States District Court for the District of Minnesota.  See Notice Removal [Toyota Litigation Docket No. 1].

In July 2012, Trice hired Shkolnik and his predecessor law firm, Napoli Bern Ripka Shkolnik ("NBRS") to act as lead litigation counsel in the Toyota Litigation.  First Am. Compl. ¶ 1.  Trice alleges she terminated Defendants in 2014 for making an unauthorized settlement demand on Toyota.  Id. ¶¶ 1, 15–16.  Trice also alleges that she later learned Defendants failed to disclose to Toyota during discovery the full amount of medical expenses Bolton incurred as a result of her injuries.  Id. ¶¶ 2, 18–21.  Defendants disclosed approximately $1 million in medical

---

[1] Shkolnik has filed an Answer [Docket No. 37] to the First Amended Complaint and has not joined the Motion to Dismiss filed by NS and PNL.

expenses, while the full amount was approximately $1.5 million.  Id. ¶¶ 2, 21.

At trial in the Toyota Litigation, the Court precluded Trice from recovering any medical expenses not disclosed in discovery.  Id. ¶ 23.  Toyota stipulated to the $1 million in medical expenses that had been disclosed.  Id. ¶¶ 22–23.  In February 2015, a jury returned a verdict in Trice's favor in the Toyota Litigation.  Id. ¶ 24.  The judgment entered for Trice included $1 million in stipulated medical expenses, plus prejudgment interest of 10%.  Id. ¶ 25.

At the conclusion of the trial in the Toyota Litigation, Trice moved for a distribution of disputed attorneys' fees.  See Pl.'s Mot. [Toyota Litigation Docket No. 716].  NS filed a response arguing that NS was formerly NBRS, and that NS conducted significant work in the Toyota Litigation entitling it to recovery in quantum meruit for its services.  See Resp. [Toyota Litigation Docket No. 746, Attach. 1] at 3 ("Napoli Shkolnik (formerly Napoli Bern Ripka Shkolnik) conducted significant work on this action, and has asserted a lien for the reasonable value of its services."); id. at 2 (stating "Napoli Shkolnik (then NBRS) first became involved in these matters in July 2012," and "NS did considerable work on this matter");  Farnolo Decl. [Toyota Litigation Docket No. 745] ¶ 2 ("The Napoli firm was previously Napoli Bern Ripka Shkolnik ("NBRS") and, at one point, NBRS represented Plaintiff[] Bridgette Trice . . . .").

In ruling on the motion for distribution of disputed attorneys' fees, this Court recognized that NS was formerly NBRS.  Mem. Op. & Order, Apr. 27, 2018 [Toyota Litigation Docket No. 860] at 2 n.3.  However, the Court denied NS's request for a quantum meruit recovery because NS had not shown any benefit to Trice from its representation of her.  Id. at 13.  NS appealed the denial of its quantum meruit request.  On appeal, NS again argued that it provided legal services to Trice in the Toyota Litigation and is entitled to a quantum meruit recovery for the work NS

3

performed. See Napoli Shkolnik PLLC v. Bridgette Trice, No. 18-2172 (8th Cir), Nov. 20, 2018 Appellant Br. at i (stating that this Court denied NS's quantum meruit request "for the legal fees earned by <u>its</u> work on the case relating to the matter of <u>their</u> former clients, Appellees Bridgette Trice . . . and Quincy Ray Adams") (emphases added). The appeal remains pending.

## C. Present Lawsuit

On December 11, 2018, Trice filed this malpractice suit against NS and Shkolnik. See generally Compl. [Docket No. 1]. Trice asserts claims for negligence and breach of fiduciary duty related to the alleged unauthorized settlement agreement and failure to disclose the full amount of Bolton's medical expenses during discovery.

After the initial Complaint was filed, Defendants' counsel provided Trice's counsel with a declaration stating the Toyota Litigation had been assigned to PNL following the "split" of the NBRS firm. Vaccaro Decl. Ex. F [Docket No. 28] (Second M. Napoli Decl.) ¶ 3. Based upon this information, Trice filed a First Amended Complaint naming PNL as an additional defendant. See generally First Am. Compl. The First Amended Complaint alleges PNL is a successor in interest to NBRS and an assignee of the Toyota Litigation because the Toyota Litigation "was assigned to PNL after the split of NBRS." Id. ¶ 8. The First Amended Complaint also alleges NS is a successor in interest to NBRS because NS "has asserted a right to fees in the Toyota Case based on [Trice's] engagement of NBRS, and [NS] has assumed responsibility for any liabilities arising from that engagement." Id. ¶ 5.

NS and PNL now move to dismiss the First Amended Complaint under Federal Rule of Civil Procedure 12(b)(2) for lack of personal jurisdiction and under Rule 12(b)(6) for failure to state a claim. NS and PNL argue they have no relationship to the alleged malpractice because

4

they did not exist at the time the alleged errors omissions occurred. NS and PNL contend that NBRS is the only appropriate law firm entity subject to suit because it was the only firm involved in the underlying transactions. In support of the motion to dismiss, NS and PNL have filed a declaration showing that NBRS is registered in New York as an active New York Limited Liability Partnership. Vaccaro Decl. Ex. G [Docket No. 26, Attach. 5].

Trice opposes the motion to dismiss and has filed a motion for leave to amend the First Amended Complaint to add NBRS as a defendant.

### III. DISCUSSION

**A. Motion to Dismiss**

**1. Rule 12(b)(2)**

"To survive a motion to dismiss for lack of personal jurisdiction a plaintiff need only make a prima facie showing of personal jurisdiction over the defendant." Pecoraro v. Sky Ranch for Boys, Inc., 340 F.3d 558, 561 (8th Cir. 2003) (citing Digi-Tel Holdings, Inc. v. Proteq Telecomms. (PTE), Ltd., 89 F.3d 519, 522 (8th Cir. 1996)). This "showing must be tested, not by the pleadings alone, but by the affidavits and exhibits presented with the motion[] and in opposition thereto." Dairy Farmers of Am., Inc. v. Bassett & Walker Int'l., Inc., 702 F.3d 472, 475 (8th Cir. 2012). In determining whether a prima facie showing has been made, "the court must view the evidence in the light most favorable to the plaintiff and resolve all factual conflicts in the plaintiff's favor. Digi-Tel, 89 F.3d at 522. "The evidentiary showing required at the prima facie stage is minimal." Johnson v. Arden, 614 F.3d 785, 794 (8th Cir. 2010).

Assessing personal jurisdiction over a nonresident defendant requires a court to determine (1) whether the forum state's long-arm statuteis satisfied; and (2) whether the exercise of

jurisdiction comports with the Due Process Clause of the Fourteenth Amendment. Minn. Mining & Mfg. Co. v. Nippon Carbide Indus. Co., Inc., 63 F.3d 694, 697 (8th Cir. 1995). Because Minnesota's long-arm statute is "coextensive with the limits of due process," the only question is whether the exercise of personal jurisdiction comports with due process. Id.

Due process requires that a defendant "have certain minimum contacts" with the forum state "such that the maintenance of the suit does not offend traditional notions of fair play and substantial justice." Int'l Shoe Co. v. Washington, 326 U.S. 310, 316 (1945) (internal quotations omitted). "Sufficient contacts exist when 'the defendant's conduct and connection with the forum State are such that he should reasonably anticipate being haled into court there.'" Digi-Tel, 89 F.3d at 522 (quoting World-Wide Volkswagen Corp. v. Woodson, 444 U.S. 286, 297 (1980)).

Five factors determine whether the constitutional due process requirements for exercising personal jurisdiction are satisfied: "(1) the nature and quality of the defendant's contacts with the forum state; (2) the quantity of contacts; (3) the relationship between the cause of action and the contacts; (4) the forum state's interest in providing a forum for its residents; and (5) the convenience of the parties." Pecoraro, 340 F.3d at 562. The first three factors are of primary importance, while the last two are "secondary factors." Minn. Mining, 63 F.3d at 697. The third factor distinguishes between specific and general jurisdiction. Digi-Tel, 89 F.3d at 523 n.4. "Specific jurisdiction can only be found if the controversy is related to or arises out of the defendant's contacts with the forum state." Johnson v. Woodcock, 444 F.3d 953, 956 (8th Cir. 2006) (quotation omitted). By contrast, general jurisdiction requires a showing that the defendant's contacts with the forum state are "continuous and systematic even if there is no

relationship between the contacts and the cause of action." Id. (quotations omitted).

NS and PNL argue this Court lacks general jurisdiction over them because no partner from either firm resides or holds a license to practice in Minnesota, and neither firm maintains offices, bank accounts, or real property in Minnesota, or has any agents for service of process in Minnesota. NS and PNL also contend specific jurisdiction is lacking because they did not exist at the time the alleged negligent conduct occurred, and thus the malpractice suit does not arise out of or relate to NS and PNL's contacts with Minnesota.

With respect to NS, the Court finds this action is related to NS's contacts with Minnesota and thus specific jurisdiction exists over NS. NS has been actively prosecuting a claim for a quantum meruit recovery in this forum based on the legal representation provided to Trice in the Toyota Litigation. The legal representation for which NS seeks payment is the same representation that gave rise to this malpractice suit. Thus, the malpractice suit relates to NS's contacts with this forum. See W. Thrift & Loan Corp. v. Rucci, No. 11–3644, 2012 WL 1021681, *4 (D. Minn. March 27, 2012) (holding personal jurisdiction existed over Ohio attorney in Minnesota for malpractice because the attorney's contacts with Minnesota directly related to his claimed malpractice). Although NS now argues it did not provide representation to Trice, NS has argued to the contrary both before this Court and the Eighth Circuit by repeatedly asserting that NS performed considerable work in the Toyota Litigation. Thus, Trice has met her prima facie showing that personal jurisdiction exists over NS.

Additionally, with respect to both NS and PNL, the Court finds that NBRS' contacts with this forum are sufficient to establish personal jurisdiction for NS and for PNL under a theory of successor liability. "[P]ersonal jurisdiction over a corporate successor may be based on its

7

predecessor's contacts with the forum, provided the successor would be liable for its predecessor's acts under the forum's law." Massi v. Holden, No. 09-1821, 2011 WL 6181258, at *5 (D. Minn. Dec. 13, 2011) (quoting Mid–Continent Eng'g, Inc. v. Toyoda Mach. USA, Corp., No. 07–3892, 2009 WL 1272142, at *2 (D. Minn. May 5, 2009)). Here, NS has repeatedly stated in the Toyota Litigation that it is the successor to NBRS. Additionally, Defendants' counsel has provided a declaration stating that PNL is the assignee of the Toyota Litigation. These facts are sufficient to establish personal jurisdiction over NS and PNL under a theory of successor liability.

### 2. Rule 12(b)(6)

Rule 12 of the Federal Rules of Civil Procedure provides that a party may move to dismiss a complaint for failure to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6). In considering a motion to dismiss, the pleadings are construed in the light most favorable to the nonmoving party, and the facts alleged in the complaint must be taken as true. Hamm v. Groose, 15 F.3d 110, 112 (8th Cir. 1994); Ossman v. Diana Corp., 825 F. Supp. 870, 879-80 (D. Minn. 1993). Any ambiguities concerning the sufficiency of the claims must be resolved in favor of the nonmoving party. Ossman, 825 F. Supp. at 880. The Court may consider "the pleadings themselves, materials embraced by the pleadings, exhibits attached to the pleadings, and matters of public record." Illig v. Union Elec. Co., 652 F.3d 971, 976 (8th Cir. 2011).

A pleading must relate sufficient "facts to state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw a reasonable inference that

the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009).

NS and PNL argue Trice has failed to allege the required elements of a successor liability claim against them. Generally, where one corporation sells or transfers all of its assets to another corporation, the latter is not liable for the debts and liabilities of the transferor unless one of the following exceptions exists: (1) the purchaser expressly or impliedly agrees to assume such debts; (2) the transaction amounts to a consolidation or merger of the corporation; (3) the purchasing corporation is merely a continuation of the selling corporation; or (4) the transaction is entered into fraudulently to escape liability for such debts. J. F. Anderson Lumber Co. v. Myers, 206 N.W.2d 365, 368–69 (Minn. 1973).

Here, Trice alleges that "[NS] has asserted a right to fees in the Toyota Case based upon [Trice's] engagement of NBRS, and [NS] has assumed responsibility for any liabilities arising from that engagement." First Am. Compl. ¶ 5. These allegations are sufficiently pled to meet the first exception for successor liability; that is, the purchaser expressly or impliedly agrees to assume such debts.

Trice further alleges that "Representatives of [NS] have represented that [Trice's] case against Toyota was assigned to [PNL] after the split of NBRS. Therefore, [PNL] is a successor in interest to NBRS and assignee of the Toyota case." Id. These representations are sufficient to allege the first exception of successor liability against PNL.

NS and PNL further argue Trice has no need to sue NS or PNL because NBRS remains an active New York Limited Liability Partnership with insurance coverage, and thus Trice can simply sue NBRS. However, the First Amended Complaint alleges that NBRS has "split," that NBRS assigned the Toyota Litigation to PNL, and also that NS has assumed responsibility for

9

liabilities arising from Trice's engagement of NBRS. First Am. Compl. ¶¶ 5, 9. Based on these allegations, it is premature to dismiss NS and PNL at this time. Additional discovery is necessary to determine whether NBRS is a viable entity, and whether PNL or NS expressly or impliedly agreed to assume NBRS' liabilities in the Toyota Litigation. See, e.g., TCF Nat'l Bank v. Mkt. Intelligence, Inc., No. 11–2717, 2012 WL 3031220, *10 (D. Minn. July 25, 2012) (denying motion to dismiss and allowing discovery to proceed as to the real party in interest where plaintiff had alleged that one or more defendants was a successor in interest).

**B. Motion to Amend Complaint**

Rule 15(a) of the Federal Rules of Civil Procedure states that "[t]he court should freely give leave [to amend a pleading] when justice so requires." Fed. R. Civ. P. 15(a)(2). The Court may deny leave to amend "if there are compelling reasons such as undue delay, bad faith, or dilatory motive, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the non-moving party, or futility of the amendment." Sherman v. Winco Fireworks, Inc., 532 F.3d 709, 715 (8th Cir.2008) (internal quotation omitted). A motion to amend should be denied for futility "only if it asserts clearly frivolous claims or defenses." Gamma–10 Plastics, Inc. v. Am. President Lines, Ltd., 32 F.3d 1244, 1255 (8th Cir.1994) (quotations and citations omitted). "Whether to grant a motion for leave to amend is within the sound discretion of the court." Becker v. Univ. of Nebraska at Omaha, 191 F.3d 904, 908 (8th Cir. 1999).

Trice moves to amend the First Amended Complaint to add NBRS as a defendant. NS and PNL do not oppose the motion. However, NS and PNL argue the claims asserted against them in the Proposed Second Amended Complaint are futile for the reasons stated in their motion to dismiss.

The interests of justice support allowing Trice to amend her Complaint.  NS and PNL agree that NBRS is a proper party to be sued, and adding NBRS as a defendant is not futile because NBRS represented Trice in the Toyota Litigation from which this malpractice action stems.  The proposed Second Amended Complaint also is not futile as to NS and PNL.  Like the First Amended Complaint, the proposed Second Amended Complaint states a plausible claim for successor liability against NS and PNL.  Additionally, no undue delay or prejudice will result from allowing the proposed Second Amended Complaint.  It is being filed within the time provided by the Court's scheduling order, and Defendants' counsel was given notice in an April 2019 scheduling conference that Trice would be seeking leave to add NBRS as a party.

Accordingly, Trice's motion for leave to amend the First Amended Complaint is granted.

## IV.  CONCLUSION

Based upon the foregoing, and all the files, records, and proceedings herein, **IT IS HEREBY ORDERED** that:

1. Defendants Napoli Shkolnik PLLC and Paul Napoli Law PLLC's Rule 12 Motion to Dismiss [Docket No. 23] is **DENIED**; and

2. Plaintiff Bridget Trice's Motion for Leave to Amend the Complaint [Docket No. 53] is **GRANTED**.

BY THE COURT:

    s/Ann D. Montgomery
ANN D. MONTGOMERY
U.S. DISTRICT JUDGE

Dated:  June 26, 2019.