# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

Bridgette Trice, as trustee for the heirs
and next of kin of Devyn Bolton, deceased,

    Plaintiff,

v.

Napoli Shkolnik PLLC, Hunter J.
Shkolnik, Paul Napoli Law PLLC,
and Napoli Bern Ripka Shkolnik LLP,

    Defendants.

**MEMORANDUM OPINION
AND ORDER**
Civil No. 18-3367 ADM/KMM

_____

Denise S. Rahne, Esq., Eric J. Magnuson, Esq., and Ena M. Kovacevic, Esq., Robins Kaplan LLP, Minneapolis, MN, on behalf of Plaintiff.

Robert W. Vaccaro, Esq., M. Gregory Simpson, Esq., and Travis J. Allen, Esq., Meagher & Geer, P.L.L.P., Minneapolis, MN, on behalf of Defendant Napoli Shkolnik PLLC.

_____

## I. INTRODUCTION

This matter is before the undersigned United States District Judge for a ruling on Plaintiff Bridgette Trice's ("Trice") Motion to Dismiss Napoli Shkolnik PLLC's ("NS") Counterclaim [Docket No. 72]. For the reasons set forth below, Trice's Motion is granted.

## II. BACKGROUND

Trice is the trustee for the heirs and next of kin of her deceased daughter Devyn Bolton ("Bolton"). Second Am. Compl. [Docket No. 64] ¶ 3. In 2006, Bolton was a passenger in a car stopped at an intersection in St. Paul, Minnesota when a Toyota Camry slammed into the car. Id. ¶ 15. Bolton died in 2007 from injuries she sustained in the crash. Id.

### A. Toyota Litigation

In 2010, Trice sued Toyota Motor Corporation ("Toyota") in Minnesota state court,

alleging a design defect in the Toyota Camry caused the 2006 accident. Second Compl. ¶ 15; Joint Answer [Docket No. 71] ¶ 1; Trice v. Toyota Motor Corp., Civ. No. 10-2804 ("Toyota Litigation"). The case was removed to the United States District Court for the District of Minnesota. See Notice Removal [Toyota Litigation Docket No. 1].

In 2012, Trice hired the law firm of Napoli Bern Ripka Shkolnik ("NBRS") to serve as litigation counsel. Joint Answer ¶ 1. Trice terminated NBRS in 2014 for allegedly making an unauthorized settlement demand on Toyota. Second Am. Compl. ¶¶ 1, 18–19. Trice alleges she later learned that NBRS also failed to disclose to Toyota during discovery the full amount of medical expenses Bolton incurred as a result of her injuries. Id. ¶¶ 2, 21–25. Trice obtained new litigation counsel and prevailed in a jury trial against Toyota resulting in a $5.5 million judgment in her favor. Id. ¶ 20; Verdict [Trice Litigation Docket No. 550]; Judgment [Trice Litigation Docket No. 729].

After the trial in the Toyota Litigation, Trice moved for a distribution of disputed attorneys' fees. See Pl.'s Mot. [Toyota Litigation Docket No. 716]. NS filed a response arguing it was entitled to a quantum meruit recovery for the value of the services it provided in the Toyota Litigation. See Corrected Resp. [Toyota Litigation Docket No. 746, Attach. 1] at 3 ("Napoli Shkolnik (formerly Napoli Bern Ripka Shkolnik) conducted significant work on this action, and has asserted a lien for the reasonable value of its services."). This Court denied NS's request for a quantum meruit recovery after determining that Trice did not benefit from NS's representation and that NS failed to prove its requested fees were reasonable. Mem. Op. & Order [Trice Litigation Docket No. 860] at 13–16. NS appealed the denial of its quantum meruit request. See Napoli Shkolnik PLLC v. Bridgette Trice, No. 18-2172 (8th Cir). The appeal

remains pending at the Eighth Circuit.

In December 2018, Trice filed this malpractice suit asserting claims for negligence and breach of fiduciary duty related to the alleged unauthorized settlement offer and failure to disclose the full amount of Bolton's medical expenses. See generally Second Am. Compl. NS filed a counterclaim for quantum meruit fees. Joint Answer at 10. NS alleges it is the assignee of NBRS's right to compensation for its work in the Toyota Litigation, and that Trice is obligated to pay NS for the reasonable and fair value of NBRS's services. Id.

Trice now moves to dismiss NS's counterclaim, arguing it is identical to NS's claim in the Toyota Litigation.

### III. DISCUSSION

#### A. Motion to Dismiss Standard

Rule 12 of the Federal Rules of Civil Procedure provides that a party may move to dismiss a complaint or counterclaim for failure to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6). In considering a motion to dismiss, the pleadings are construed in the light most favorable to the nonmoving party, and the facts alleged in the complaint must be taken as true. Hamm v. Groose, 15 F.3d 110, 112 (8th Cir. 1994); Ossman v. Diana Corp., 825 F. Supp. 870, 879-80 (D. Minn. 1993). Any ambiguities concerning the sufficiency of the claims must be resolved in favor of the nonmoving party. Ossman, 825 F. Supp. at 880. The Court may consider "the pleadings themselves, materials embraced by the pleadings, exhibits attached to the pleadings, and matters of public record." Illig v. Union Elec. Co., 652 F.3d 971, 976 (8th Cir. 2011).

A pleading must relate sufficient "facts to state a claim to relief that is plausible on its

face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw a reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). The dismissal standard under Rule 12(b) permits a court to dismiss a claim on the basis that the claim is duplicative. Blakley v. Schlumberger Tech. Corp., 648 F.3d 921, 931–32 (8th Cir. 2011).

**B. Analysis**

Trice argues NS's counterclaim for quantum meruit recovery in this lawsuit should be dismissed because NS is attempting to escape the effect of this Court's order in the Toyota Litigation by filing the same claim for the same fees against the same party in the same court. Trice contends the counterclaim is precluded under the doctrines of claim-splitting, duplicative litigation, collateral estoppel, and the first-to-file rule.

NS responds that it is not attempting to litigate its counterclaim for quantum meruit fees in two forums. Rather, NS "merely wishes to clarify and not waive its contention that, whether in the Toyota Litigation on remand, or in this action, [NS] seeks complete disposition of its claim for attorneys' fees from the Toyota Litigation." Def.'s Mem. Opp'n [Docket No. 80] at 3. NS argues that if the Court determines Trice's position has some merit, NS's counterclaim should be stayed pending resolution of NS's appeal, rather than dismissed.

Dismissal of NS's counterclaim is warranted because the claim is duplicative of NS's quantum meruit claim in the Toyota Litigation. "[D]ismissal of duplicative claims comports with [the Eighth Circuit's] long-standing 'general principle' of 'avoiding duplicative litigation.'" Blakley, 648 F.3d at 932 (quoting Brewer v. Swinson, 837 F.2d 802, 804 (8th Cir. 1988)). A

4

plaintiff "may not pursue multiple federal suits against the same party involving the same controversy at the same time."  Missouri ex rel. Nixon v. Prudential Health Care Plan, Inc., 259 F.3d 949, 954 (8th Cir. 2001).  In this suit and in the Toyota Litigation, NS seeks to recover the same fees, from the same party, based on the same theory of quantum meruit, at the same time.  Accordingly, NS's counterclaim must be dismissed to avoid duplicative litigation.  See id. at 956 (dismissing one of "two federal actions against the same defendant involving the same controversy").

Although NS argues its counterclaim should be stayed rather than dismissed, there is no reason to allow the duplicative claim to remain pending in this action.  Should the Eighth Circuit reverse this Court's quantum meruit ruling in the Toyota Litigation, NS can continue to pursue its claim in the context of the Toyota Litigation on remand.  Thus, dismissing the counterclaim as duplicative does not limit NS's ability to obtain a definitive resolution of its attorneys' fees claim.  Additionally, dismissal with prejudice is appropriate because there is no set of facts in which NS should be permitted to pursue the same claim against the same party in two separate federal actions.

### IV.  CONCLUSION

Based upon the foregoing, and all the files, records, and proceedings herein, **IT IS HEREBY ORDERED** that Plaintiff Bridgette Trice's Motion to Dismiss Napoli Shkolnik PLLC's Counterclaim [Docket No. 72] is **GRANTED**.  Napoli Shkolnik PLLC's counterclaim is dismissed with prejudice.

BY THE COURT:

    s/Ann D. Montgomery
ANN D. MONTGOMERY
U.S. DISTRICT JUDGE

Dated:  November 26, 2019.